Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 3, 2012, which granted defendant Karen Manor’s motion to vacate a default judgment, affirmed, without costs.
In April 2001, plaintiff fell through an open trapdoor in the floor of a grocery store and sustained injuries. Plaintiff commenced an action against, inter alia, the out-of-possession owner, Karen Manor, by service on the Secretary of State, which had an outdated address for Karen Manor. Karen Manor did not answer and the court granted a default on September 3, 2002. An order directing entry of a default judgment was entered 10 months later in July 2003. Plaintiff did not file a certificate of readiness or note of issue for an inquest on damages until 2006, which was then held in 2007, and did not enter the $300,000 judgment awarded until September 12, 2011.
Karen Manor updated its address with the Secretary of State in 2004, but all notices were served upon it at the former address. By affidavit of its principal Stuart Morgan, Karen Manor attests that it never received any notices in connection with the action prior to entry of judgment in 2011, and did not learn of the lawsuit until 2012 when a search of the public lien record disclosed the judgment. Defendant timely moved for vacatur on March 29, 2012 pursuant to CPLR 5015 (a).. The trial court found that defendant had proffered a reasonable excuse for its default and demonstrated a meritorious defense. It further found that plaintiff would not suffer prejudice by the passage of time, noting that “part of the problem was Plaintiffs delay in *402 settling Order, moving for inquest and entering judgment” (Diggs v Karen Manor Assoc. LLC, 2012 NY Slip Op 33570[U], *1 [Sup Ct, Bronx County 2012]).
While Karen Manor may not have demonstrated a sufficient excuse for its default entitling it to vacatur of the judgment under CPLR 5015 (a) because of its failure to update its address with the Secretary of State, we affirm the vacatur in accordance with CPLR 317. Karen Manor demonstrated that it lacked actual notice of the action in time to defend and that it had a meritorious defense (see Olivaria v Lin & Son Realty Corp., 84 AD3d 423 [1st Dept 2011]; Arabesque Recs. LLC v Capacity LLC, 45 AD3d 404 [1st Dept 2007]). With respect to notice, plaintiff mailed the summons and complaint and all other papers, including the note of issue and certificate of readiness, and notice of inquest, to the old address from which Karen Manor had moved in 1998 even though the Secretary of State had recorded its new address by 2004.
Contrary to the dissent’s finding, the record demonstrates that plaintiff never sent papers to Karen Manor’s actual business address, even though the address could have been ascertained during the course of the 10 years that transpired. The dissent’s argument that Karen Manor must have received notice because it filed a change of address form with the Post Office some years before plaintiff commenced this action, and because it may have remained in some contact with the superintendent at its old address, does not constitute proof that Karen Manor received papers that were not properly addressed to it. We find that under the totality of the circumstances, Karen Manor has made a sufficient showing of lack of notice (see Shanker v 119 E. 30th, Ltd., 63 AD3d 553 [1st Dept 2009]; Arabesque Rees. LLC, 45 AD3d 404).
The case cited by the dissent, Baez v Ende Realty Corp. (78 AD3d 576 [1st Dept 2010]), is distinguishable. In Baez, the court rejected as incredible the claim by the defendant corporation that it had not been notified when the plaintiff had mailed papers not to the defendant’s old address on file with the Secretary of State, but to the new address to which the defendant had moved.
Karen Manor also presents a meritorious defense in that plaintiffs injury, which occurred when he fell through an open trapdoor, is likely to have been caused by the codefendant tenant’s negligence for which Karen Manor, as an out-of-possession landlord, would not be liable. The failure to attach the lease requiring indemnification was not the issue. Although the first affidavit that Karen Manor submitted was defective *403 because it was not accompanied by a certificate in accordance with CPLR 2309 (c), Karen Manor submitted a second affidavit, in admissible evidentiary form, sufficient to raise the meritorious defense.
As the trial court found, plaintiffs delay in both prosecuting this matter and entering its default judgment also militates in favor of vacatur. Plaintiff obtained a default order in July 2003 and the inquest awarding $300,000 was in 2007, but judgment was not entered until September 2011, and the roughly eight-year delay cost Karen Manor approximately $225 thousand in accrued interest on the award.
In view of the foregoing, and in consideration of the strong public policy that matters be resolved on their merits (see Navarro v A. Trenkman Estate, Inc., 279 AD2d 257 [1st Dept 2001]), we find that the trial court providently exercised its discretion by vacating the default judgment.
Concur—Tom, Saxe and Freedman, JJ.